IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZOUHEIR NASSAN and
CHRISTINE NASSAN,

    Plaintiffs,

v.                                      Civ. No. 03-1192 RLP/ACT

CITY OF GALLUP, a
municipal corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Motion to Remand. In 1998 Plaintiffs, who are residents of Gallup, New Mexico, filed an action in state court and a second action on October 21, 2002. In this second action, which is entitled "Complaint for Damages, for Injunction and to Abate a Nuisance," Plaintiffs alleged that the Defendant City of Gallup ("City") failed to maintain its water and sewer lines, thus causing, *inter alia*, damage and pollution to Plaintiffs' property. Exhibit to Affidavit of Lorraine Howard [Doc. 9]. In the 2002 Complaint Plaintiffs made no reference to any federal law or the United States Constitution. *Id*.

On April 29, 2003 the Eleventh Judicial District Court ordered the consolidation of the two cases. Exhibit to Affidavit of Lorraine Howard [Doc. 9]. Plaintiffs were granted leave to file an amended and a supplemental complaint. *Id*. The "Amended and Supplemental Complaint" ("2003 Amended Complaint") was filed on May 5, 2003. Exhibit to Affidavit of Lorraine Howard [Doc. 9]. At paragraph 19 of the 2003 Amended Complaint (First Claim for Relief), Plaintiffs alleged violations of applicable "State of New Mexico Law

and Constitutional law . . . and/or violation of State and Federal antipollution, environmental and/or health laws." *Id.* Plaintiffs also alleged a "taking of their property." *Id.*, ¶ 20. The Third Claim for Relief of the 2003 Amended Complaint alleged a "taking and/or damage of Plaintiffs['] property without just compensation in violation of . . . the 5th and/or 14th amendments to the United States Constitution and/or are actions depriving Plaintiffs of their constitutionally protected rights without due process in violation of . . . amendments to the United States Constitution. *Id.*, ¶ 2.

The City moved for summary judgment and argued that Plaintiffs' alleged claims for inverse condemnation were fatally deficient and Plaintiffs further failed to cite to 42 U.S.C. § 1983 to enable them to seek damages for an alleged violation of their federal constitutional rights. Exhibit to Affidavit of Lorraine Howard [Doc. 9], ¶¶ 5-6.

The state court allowed Plaintiffs to file a "Second Amended and Supplemental Complaint," which was filed on October 7, 2003 [the "Second 2003 Amended Complaint"]. In the Second 2003 Amended Complaint, the Third Claim for Relief, Plaintiffs alleged violations of 42 U.S.C. § 1983 and a taking of property without just compensation under the 5th and 14th Amendments of the United States Constitution, as well as violations of their due process rights under the 5th and 14th Amendments. *Id.* at ¶¶ 3-5. Seven days later, on October 14, 2003, the City filed its Notice of Removal of Cause [Doc. 1], attaching the Second 2003 Amended Complaint.

The federal removal statute provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United states shall be

2

> removable without regard to the citizenship or residence of the parties. . . .

28 U.S.C. § 1441(b).

The notice of removal must be filed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Plaintiffs' Motion for Remand advances two arguments: first, that the Notice of Removal is untimely because their prior pleadings with the state district court put the City on notice of their asserted federal claims; and second, that the federal claims are not ripe. Because the second argument is dispositive the court does not address the first.

Because there is no diversity of citizenship, the basis for federal court jurisdiction must be found in the allegations of the complaint of a violation of federal law or the United States Constitution. 28 U.S.C. § 1331; *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). A defendant may remove a case from state to federal court only if the claim could have originally been brought in federal court. *Id*.

Fifth Amendment "takings" require two acts of the governmental entity: a taking and a denial of just compensation. *Miller v. Campbell County*, 945 F.2d 348 (10th Cir. 1991), *cert. denied*, 502 U.S. 1096 (1992). Claims are not ripe until both elements have been shown. *Id*. Claims that are not ripe deprive the federal court of subject matter jurisdiction. *E.g., SK Finance SA v. La Plata County*, 126 F.3d 1272 (10th Cir. 1997). In this circuit, takings claims which are deemed unripe require dismissal of all other constitutional claims based on the same facts as the takings claim. *Bateman v. City of West Bountiful*, 89 F.3d 704 (10th Cir. 1996). A landowner must proceed under all of the

state's procedural requirements to meet the ripeness requirement.  This requires a final decision to determine whether there has been a "taking" and an inverse condemnation procedure, if any, to determine if the taking is without "just compensation."  Both results are necessary for federal court jurisdiction.

In two removal cases similar to this one, the federal courts ordered the cases remanded to state court because the takings claims were not ripe and therefore the court lacked subject matter jurisdiction.  *See Reahard v. Lee County*, 30 F.3d 1412 (11th Cir. 1994), *cert. denied*, 514 U.S. 1064 (1995); *Milliken v. Town of Addison*, 2002 WL 31059802 (N.D. Tex. 2002) (unpublished).  This case will be remanded; Plaintiffs' request for attorney fees is denied.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion to Remand [Doc. 7] is granted; and

IT IS FURTHER ORDERED that the Clerk of the Court shall cause this file to be sent to the Eleventh Judicial District Court in accordance with its usual procedures on remand.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFFS:   Robert Ionta, Esq.
FOR THE DEFENDANT:   James Lyle, Esq.